# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00118-CV

---

**John Seago, Appellant**

**v.**

**City of Austin and Jesús Garza, in his Official Capacity as City Manager of the City of Austin, Appellees**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-002897, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In September 2019, the City of Austin approved a budget for its upcoming fiscal year that allocated $150,000 to fund entities "providing or facilitating logistical and support services for Austin residents seeking abortion care." John Seago sued the City of Austin and its City Manager[1] alleging that "providing taxpayer money to abortion-assistance organizations" was inconsistent with and violated Articles 4512.1 and 4512.2 of the Texas Revised Civil Statutes; Seago contended that these laws were never repealed by the Legislature and remained enforceable despite *Roe v. Wade*, 410 U.S. 113 (1973). The City responded that the statutes were unconstitutional under *Roe*. The City filed a plea to the jurisdiction, and the parties filed

---

[1] Because the City Manager is sued only in his official capacity, we will refer to him and the City of Austin collectively as "the City." When the suit was filed, Spencer Cronk was the City Manager. We take judicial notice, that on February 15, 2023, Cronk was fired and Jesús Garza was appointed interim City Manager. We have substituted Garza automatically under Texas Rule of Appellate Procedure 7.2(a).

cross-motions for summary judgment. Seago appeals from the trial court's February 11, 2021 order denying his motion for summary judgment and granting the appellees' plea to the jurisdiction and motion for summary judgment without specifying a basis. We will reverse the cause and remand for further proceedings.

After the parties filed their briefs in this appeal, the United States Supreme Court overruled *Roe* in *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228, 2284 (2022). We asked the parties for supplemental briefing on the effect of *Dobbs* on this cause and this appeal. The City contends that, because the United States Supreme Court changed the law relied on by the parties, this Court should reverse and remand for the parties to develop their arguments in light of the *Dobbs* opinion. Seago argues that *Dobbs* did not moot this case or appeal because he seeks attorney's fees.

We will follow the example of the Texas Supreme Court, which remanded a similar case asserting that the City's allocation of funds challenged here violated the same unrepealed state law. *See Zimmerman v. City of Austin*, No. 21-0262, 2022 WL 17998212, at *1 (Tex. Dec. 30, 2022). The Texas Supreme Court concluded that because the lower courts relied on *Roe* before it was overruled, "the best approach is to vacate the lower courts' judgments and remand the case to the trial court to address in the first instance the effect of this change in the law—and the effect of any intervening factual developments—on Zimmerman's claims." *Id.* at *2.[2] Because the parties' arguments in this cause rested on the applicability of *Roe*, the trial court's judgment on the cross-motions for summary judgment similarly rested on those arguments. *Cf. McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993)

---

[2] The Texas Supreme Court vacated the judgment under Texas Rule of Appellate Procedure 60.2(f), a rule not available to intermediate appellate courts.

(summary judgment rests on grounds raised in motion).  Because the judgment appealed rested on precedent that was changed while the case was on appeal, a reversal and remand in the interest of justice is appropriate.  *See Boyles v. Kerr*, 855 S.W.2d 593, 603 (Tex. 1993); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 649 (Tex. App.—Austin 2000, pet. denied).

In the interest of justice, we reverse the judgment and remand for further proceedings.  *See* Tex. R. App. P. 43.2(d), 43.3; *cf. Zimmerman*, 2022 WL 17998212, at *1.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Reversed and Remanded

Filed:  February 28, 2023

3